IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:25-CV-01371-TPO**

LEONITE FUND I, L.P.,
a Delaware Limited Partnership

    *Plaintiff,*

v.

HAWAII BREWERY DEVELOPMENT
CO. INC., WAIAKEA BOTTLING INC.,
WAIAKEA INC., and MARCUS I. BENDER

    *Defendants.*

---

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

Defendants, Waiakea Bottling Inc., and Waiakea Inc. (herein collectively referred to as "Waiakea"), by and through counsel, Springer & Steinberg, P.C., hereby move this Court to dismiss the Complaint against them brought by Plaintiff Leonite Fund, I, L.P. ("Leonite" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(2), because this Court lacks personal jurisdiction over Waiakea. In support, Defendants state and allege the following:

    **I.    INTRODUCTION**

Based on the allegations in Plaintiff's Complaint, this Court lacks personal jurisdiction over the Waiakea defendants which are companies operating in Hawaii and are not alleged to have undertaken any specific acts in the State of Colorado. Plaintiff, a Delaware company, is not a resident of Colorado and cannot meet its burden to establish general personal jurisdiction based only on a conclusory allegation that Waiakea "conducts business" in Colorado, nor can Plaintiff meet its burden to establish specific personal jurisdiction, as the acts alleged in the Complaint

occurred in Hawaii and were not directed at Colorado. Plaintiff's claims against Waiakea should be dismissed for lack of personal jurisdiction.

## II.      FACTUAL BACKGROUND

1. With respect to this Court's personal jurisdiction over Waiakea, Plaintiff's Complaint only alleges that "[t]his Court has personal jurisdiction over Waiakea because it conducts business in the State of Colorado, where this Court is located." *See* Complaint at ¶ 18.

2. Waiakea does not conduct business in the State of Colorado. *See* **Exh A**, Affidavit of Ryan Emmons at ¶ 4.

3. The allegations against Waiakea in Plaintiff's Complaint are based solely on actions and activities allegedly carried out by Waiakea in Hawaii and Hawaii alone. *See* Complaint at ¶ 6.

## III.     LEGAL STANDARD

Because "[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power," it is "subject to review for compatibility with the Fourteenth Amendment's Due Process Clause," *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011), which "limits the power of a state court to render a valid personal judgment against a nonresident defendant," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The primary focus of any personal jurisdiction inquiry is the defendant's relationship to the forum State. See *Walden v. Fiore,* 571 U.S. 277, 283–286 (2014); *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985).

Jurisdiction over a non-resident defendant in a federal lawsuit based on diversity of citizenship is determined by the law of the forum state. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.,* 17 F.3d 1302, 1305 (10th Cir.1994). For this analysis, courts consult

Colorado's "long-arm statute" C.R.S. § 13–1–124 and interpreting case law to determine whether the defendants are subject to the jurisdiction of this Court. While Plaintiff fails to invoke the Colorado long-arm statute in its Complaint, the statute has been interpreted to extend the jurisdiction of the Colorado courts "to the fullest extent" permitted by the United States Constitution. *Jenner & Block v. District Court,* 590 P.2d 964 (Colo. 1979). This interpretation calls for the due process inquiry described in *Goodyear* and *World-Wide Volkswagen*, supra.

A court has discretion whether to address a C.R.C.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding a hearing. *Goettman v. N. Fork Valley Restaurant,* 176 P.3d 60, 65 (Colo.2007); *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1192 (Colo.2005). Where a court decides the motion only on documentary evidence, "the plaintiff need only demonstrate a prima facie showing of personal jurisdiction to defeat the motion." *Archangel Diamond Corp.,* 123 P.3d at 1192. The plaintiff meets this burden when it raises a reasonable inference, whether in the complaint or in other documentary evidence, that the court has jurisdiction over the non-resident defendants. *Goettman,* 176 P.3d at 66.

### IV. ARGUMENT

#### A. This Court Lacks General Personal Jurisdiction Over the Defendant.

Due Process prohibits courts from exercising general jurisdiction over an out-of-state business unless its "affiliations with the State" in which suit is brought are so constant and pervasive as to render it "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). General jurisdiction is predicated on contacts with the forum state other than those out of which the litigation arises. However, because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's

continuous and systematic general business contacts.' "*Archangel Diamond Corp.,*123 P.3d at 1194 (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998)).

Here, based only on the spare allegations of the Complaint, it is clear that the Court lacks general personal jurisdiction over Waiakea. Plaintiff asserts that Waiakea is a corporation "organized under the laws of the State of Hawaii, with its principal place of business" in Hawaii. Complaint, ¶ 10. To support the exercise of general personal jurisdiction in Colorado, the Complaint offers only a conclusory allegation that Waiakea "conducts business in the State of Colorado." Complaint, ¶ 18.

For purposes of exercising personal jurisdiction over a non-resident defendant, a court has "general jurisdiction" over the defendant if the defendant conducted continuous and systematic activities that are of a general business nature in the forum state. *Foundation for Knowledge in Development v. Interactive Design Consultants, LLC*, 234 P.3d 673 (Colo. 2010). Waiakea does not conduct any systematic activities of a business nature in this jurisdiction. Waiakea does not conduct business in Colorado and has no presence, no office, and no agents in this state. See **Exh A,** Affidavit of Ryan Emmons, ¶¶ 4 & 5. Though Waiakea water may be purchased in Colorado, Defendants conduct no direct sales to any consumers in Colorado and do not market their products in Colorado. *Id.* ¶¶ 6 & 7.

In the absence of any specific allegations that may support the claim, Plaintiff's conclusory allegation cannot raise a reasonable inference that the nonresident defendants had continuous and systematic general business contacts in Colorado sufficient to demonstrate a prima facie case of the court's general jurisdiction over them. See, *Gognat v. Ellsworth*, 224 P.3d 1039, 1051 (Colo. App. 2009), aff'd, 259 P.3d 497 (Colo. 2011). See also, *Wenz v. Memery*

*Crystal,* 55 F.3d 1503, 1505 (10th Cir.1995) ("[O]nly the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.") Whether Plaintiff intends to assert general personal jurisdiction against Waiakea may be unclear, but it is quite clear that Plaintiff has failed to allege facts sufficient to support such a claim.

### B. This Court Lacks Specific Personal Jurisdiction Over the Defendants with Respect to the Allegations of the Complaint.

A plaintiff seeking specific jurisdiction in Colorado over nonresident defendants must satisfy both Colorado's long-arm statute, C.R.S. § 13-1-124, and due process protections under the Constitution. *See, Goettman v. N. Fork Valley Rest.*, 176 P.3d 60, 66-67 (Colo. 2007) . Plaintiff must show that Defendants engaged in some act to purposefully avail themselves of the privilege of conducting activities within Colorado, thus invoking the benefits and protections of its laws. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958). If the court is satisfied that Defendants have sufficient minimum contacts, it must then determine whether it is reasonable to exercise personal jurisdiction over the out-of-state Defendants. *Found. for Knowledge in Dev. v. Interactive Design Consultants*, 234 P.3d 673, 678 (Colo. 2010). Defendants' relationship with Colorado "must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284-285 (2014) (internal quotes and citation omitted). Analysis of reasonableness satisfying due process "principally protect[s] the liberty of the nonresident defendant," and a court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*.

Under the due process clause of the Fourteenth Amendment, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contacts" with the state, so that the imposition of jurisdiction would not violate "traditional notions of fair play and substantial justice." *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414

(1984). A court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 at 472 (1985).

Waiakea has never purposefully directed any activities at residents of Colorado. It does not have any business activity in Colorado (See **Exh. A**, ¶¶ 4-9). While its products may reach Colorado through distributors, it does not direct any marketing or sell directly to Colorado consumers (*Id*. at ¶¶ 6 & 7). It does not maintain any office or employ an agent for service of process in Colorado. (*Id*. at ¶8 & 9). The Plaintiff, who bears the burden of demonstrating the Court has personal jurisdiction in this case, cannot identify sufficient minimum contacts between Waiakea and this forum, because none exist. Aside from a conclusory allegation that Waiakea "conducts business" in Colorado, Plaintiff alleges **no** facts showing Waiakea has contacts with Colorado, and Plaintiff fails to allege facts linking Waiakea's actions in Hawaii to residents of this State or damage to Plaintiff sustained in this State.

In determining whether the requisite minimum contacts exist to support the exercise of specific personal jurisdiction based on a single act or acts directed at Colorado, the Colorado courts have applied a three-pronged test. *Waterval v. District Court,* 620 P.2d 5 (Colo.1980). That test has been stated as follows: "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction

over the defendant reasonable." *Van Schaack v. District Court,* 538 P.2d 425, 426 (1976) (internal citations and quotations omitted).

Plaintiff has alleged no facts sufficient to meet any of the three prongs articulated in *Van Schaack*. The alleged acts by Waiakea employees occurred in Hawaii, and Plaintiff offers no basis for this Court to determine, or even infer, that through the alleged acts by Waiakea in Hawaii, it purposely availed itself of the privilege of acting in Colorado or of causing important consequences in this state. Second, Plaintiff alleges no consequences in Colorado arising from Waiakea's actions in Hawaii aside from speculation of interference with Plaintiff's ability to collect from a third party that is not a resident of the state. Finally, that co-defendants were involved in a receivership action in Colorado provides no basis to conclude that exercising jurisdiction over Waiakea would be reasonable, as there are no allegations that Waiakea was aware of the coincidental receivership action in Colorado or any specific allegation that it intended its alleged acts to have consequences with regard to the separate action in Colorado. In fact, at the time of the alleged actions described in the Complaint, Waiakea was not even aware of the "underlying receivership action" that appears to be the only thread linking the lawsuit to Colorado. **Exh A**, ¶ 3. Having failed to assert facts sufficient to meet any one of the three-pronged *Van Schaak* test, Plaintiff's allegations in support of its claims against Waiakea fail to meet due process requirements and should be dismissed.

### C.  The Requirements of Colorado's Long-Arm Statute Have not been met.

In its Complaint, the Plaintiff has not invoked the Colorado long-arm statute that might otherwise support specific personal jurisdiction, though it wouldn't make a difference. Colorado's long-arm statute, C.R.S. § 13-1-124, permits courts to exercise personal jurisdiction over a non-domiciliary within circumscribed categories and states, in potentially relevant part:

> 1. Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person and, if a natural person, such person's personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
>    a. The transaction of any business within this state;
>    b. The commission of a tortious act within this state;
>    [further categories are inapplicable and omitted]

The Complaint contains no allegations as to why Waiakea's alleged actions in Hawaii should confer personal jurisdiction to a court in Colorado, especially as Plaintiff itself is a resident of Delaware, and none of the parties are Colorado residents. The only connection amongst the disparate parties and this state appears to be the residency of the Receiver appointed in "the Underlying Receivership Action" between parties other than Waiakea, in which Waiakea has not joined, been joined, or taken part, by reason of which those other parties agreed to submit the receivership action to the U.S. District Court in Colorado. It is alleged that, in conjunction with the other defendants, through the alleged actions of its employees in Hawaii, Waiakea interfered with Plaintiff's attempt to obtain a remedy in the receivership action, though Waiakea was not even aware of the receivership action at the time of the alleged events. **Exh A**, ¶ 3. This novel theory finds no basis in applicable case law and its application would place no limit on a state's exercise of jurisdiction. Based on the lack of alleged minimum contacts between Colorado and any party, the Court would be justified in dismissing the Complaint without additional analysis.

### D. None of Plaintiff's six claims for relief provide a basis for the exercise of personal jurisdiction.

Plaintiff has asserted six "Counts" against Waiakea and the other Defendants: 1) Intentional Interference with Business or Contractual Relations; 2) Civil Conspiracy; 3) Commercial Disparagement; 4) Tortious Interference with Prospective Economic Advantage; 5)

Colorado Consumer Protection Act; and 6) Unfair Methods of Competition HRS §480-2 (Hawaii's unfair competition law). See, Complaint generally.

As to the first, third, and fourth claims for relief for intentional interference with contract, commercial disparagement, and tortious interference with prospective economic advantage, Colorado law does not support the exercise of specific personal jurisdiction against non-resident defendants for allegedly tortious out-of-state conduct absent a showing that their actions occurred in Colorado, were directed at a Colorado resident, or harms were felt in Colorado. See *Amax Potash Corp. v. Trans-Resources, Inc.*, 817 P.2d 598 (Colo. App.1991), where the Court of Appeals held that an out-of-state defendant's allegedly tortious actions resulting in alleged loss of anticipated profits from the operation of a New Mexico mine did not invoke personal jurisdiction, as the derivative economic injury to plaintiff in Colorado was indirect and remote, resulting "only because of the fortuitous circumstance that plaintiff maintained its headquarters here." *Id*. at 600.   See also, *GCI 1985-1 Ltd. v. Murray Props. P'ship of Dallas*, 770 F. Supp. 585, 590 (D. Colo. 1991) (Out-of-state defendant's allegedly tortious actions occurring out-of-state and leading to loss of anticipated profits and lost revenue to plaintiff in Colorado resulted only from fortuitous circumstance that plaintiff maintained its headquarters in Colorado.)

Here, Plaintiff alleges harm in the form of lost profits, increased Receivership expenses, and "delay in preparing HSW and HSLLC for sale," (see e.g. Complaint, ¶¶ 118 & 120) all of which harms necessarily occurred outside of Colorado, where Plaintiff's business is located. These claims and alleged damages are insufficient to support personal jurisdiction.

Plaintiff's second claim for civil conspiracy likewise fails. Based on the same alleged conduct, Plaintiff asserts that Defendants conspired to undermine Plaintiff's "rights to collect on its loan under the Security Agreement." *Id.*¶   122. Conclusory allegations are insufficient to

support jurisdiction under a conspiracy theory. See, *First Horizon Merch. Servs., Inc. v. Wellspring Cap. Mgmt., LLC*, 166 P.3d 166, 178 (Colo. App. 2007), *as modified on denial of reh'g* (June 14, 2007), where the Colorado Court of Appeals questioned whether Colorado even recognized conspiracy theory as a basis for personal jurisdiction but ultimately decided that it was unnecessary to address the issue, as Plaintiff failed to allege specific facts in support of the conspiracy claim and could not rely on "conclusory allegations." *Id.* 178-179. Here, the allegations in the Complaint show that Waiakea was not a party to the loan or Security Agreement to which the conspiracy was allegedly directed, and the Complaint does not allege that Waiakea was even aware of these contracts between out-of-state parties.

Plaintiff's final two claims address alleged unfair business practices and methods of competition under Colorado's (fifth claim) and Hawaii's (sixth claim) consumer protection laws. These consumer protection claims are otherwise meritless under the circumstances, but they each fail the personal jurisdiction analysis given the lack of any allegation that Waiakea's alleged actions were directed to or resulted in harms felt in Colorado, nor does Plaintiff describe how the alleged harms it suffered as an out-of-state Plaintiff "significantly impact" the residents of Colorado or Hawaii in particular. As to the sixth claim, Colorado courts are not the appropriate place to protect Hawaiian consumers and the exercise of jurisdiction under this theory runs contrary to the stated purpose of Colorado's long-arm statute, to provide a convenient forum for its citizens to seek redress.

### E. The exercise of personal jurisdiction against Waiakea offends traditional notions of fair play and substantial justice.

Subjecting Waiakea to personal jurisdiction in Colorado offends traditional notions of fair play and substantial justice. In this regard, courts look to the "reasonableness" of exercising personal jurisdiction and should consider: (1) the burden on the defendant, (2) the forum state's

interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998).

The burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction. *Id* at 1096. The burden on Waiakea in this case is significant. As discussed above, Waiakea has no operations in Colorado and have been forced, at significant expense, to hire Colorado counsel to respond to this Complaint, when in fact there was no good faith basis to allege that this Court has personal jurisdiction to hear this case.

The third factor in the reasonableness inquiry hinges on whether the Plaintiff may receive convenient and effective relief in another forum. There is no indication that Plaintiff could not receive convenient and effective relief in Hawaii, where the alleged acts took place and where the parties have significant ties. Likewise factor four, pertaining to the efficient resolution of controversies favors Hawaii. This factor considers issues such as the location of witnesses or the prevention of piecemeal litigation. *Id.* at 1097. Here, the events at issue occurred in Hawaii and all of its witnesses are located there. There is no concentration of witnesses in Colorado and none of the parties are residents of this state. Factor five of the reasonableness test is likely neutral since social policy interests are not implicated in this case, except as to Plaintiff's Hawaii consumer protection claim, over which Hawaiian courts presumably have a significant interest. In sum, all of the reasonableness factors weigh against personal jurisdiction.

Most importantly, under factor two, courts evaluate the forum state's interest in adjudicating the particular claim. Here, Colorado has no interest in the adjudication of this matter between parties from different states, none of which are in Colorado. It is simply unreasonable to suggest that Colorado should extend its jurisdiction to afford a Delaware Plaintiff a forum to adjudicate claims against other out-of-state Defendants. Exercising personal jurisdiction over Waiakea is not reasonable in this case.

### III.  CONCLUSION

For all the foregoing reasons, the Court should GRANT this motion and dismiss the Complaint against Waiakea, because the Court lacks personal jurisdiction.

Respectfully submitted, this 14th day of July 2025.

**SPRINGER & STEINBERG, P.C.**

/s/Ryan K. Markham
Ryan K. Markham, CO Bar #54732
Joel A. Richardson, CO Bar #36805
1400 S. Colorado Blvd, Suite 500
Denver, CO 80222
Phone: (303) 861-2800
Fax: (303) 832-7116
E-mail: rmarkham@springersteinberg.com
jrichardson@springersteinberg.com
*Attorneys for Defendants Waiakea Bottling Inc., and Waiakea Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2025, a true and correct copy of the foregoing was served via CM/ECF on all parties of record.

/s/Eric Ericksen
Eric Ericksen, Paralegal