## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LEONITE FUND I, L.P., ) | |
| Plaintiff ) | |
| v. ) | Civil No. 1:25-CV-01371-NYW-STV |
| HAWAII BREWERY DEVELOPMENT ) | |
| CO. INC., WAIAKEA BOTTLING INC.., ) | |
| WAIAKEA INC., MARCUS I. BENDER, ) | |
| Defendants ) | |
| _____ ) | |

### PLAINTIFF LEONITE FUND I, L.P.'S MOTION FOR ALTERNATIVE SERVICE OR COURT-DIRECTED SERVICE

Plaintiff Leonite Fund I, L.P. ("Leonite" or "Plaintiff") respectfully submits this motion for alternative service or court-directed service to effect service of process on Defendant Marcus I. Bender ("Bender"), the only defendant who remains unserved with the original service of process.[1] No prior motions for alternative service have been filed, and Leonite has complied with D.C. Colo.LCivR 7.1 (a) by conferring as required. Conventional methods of service have proved unfruitful, and any additional attempts to personally serve Bender would likely be futile and overly burdensome. Accordingly, Leonite respectfully requests the following:

*First*, an Order permitting service on Bender by first-class U.S. mail and registered mail at 2592 Makiki Heights Drive, Honolulu, Hawaii 96822, Bender's confirmed residence, or by any other means the Court deems reasonably calculated to appraise Bender of the pendency of the

---

[1] On August 7, 2025, counsel for Defendant Hawaii Brewery Development Co., Inc. ("HBDC") raised an issue with service as set forth in the Proof of Service on HBDC at ECF No. 17. *See* Exhibit A for HBDC's Letter. Counsel for Leonite then requested its process server, ABC Legal ("ABC"), to investigate HBDC's claim. ABC confirmed that service on HBDC had been properly effected. *See* Exhibit B for ABC's summary of service on HBDC.

1

action and afford him an opportunity to present his objections. *See Mullane v. C. Hanover Bank & Tr. Co.,* 339 U.S. 306 (1950).

***Second***, an Order permitting substituted service by mailing a copy of the summons and complaint by first-class U.S. mail and registered mail to HBDC and its counsel, Mr. Kapnick, Esq. This method is appropriate under the circumstances and is reasonably calculated to give actual notice to Bender, who is the principal of Defendant HBDC and is alleged to have acted in that capacity in perpetrating his and HBDC's misconduct against Leonite. *See* Complaint, ECF No. 1.

## I. INTRODUCTION

As set forth in Leonite's Status Report and its Motion for Additional Time to Effect Service on Bender, Leonite exercised due diligence in attempting personal service. *See* ECF No.18 (Unopposed Motion for Extension to Serve Bender); Nos. 19-20 (Order Granting No.18); No. 21 (Status Report). In that motion, Leonite explained it intended to use the additional time for "one final attempt at personal service, with the assistance of the local Sheriff, to access the gated community where Bender resides." ECF No. 18. The Motion further stated: "If that effort is not fruitful, Leonite intends to promptly file a motion for alternative service." *Id.*

On July 31, 2025, the Court granted Leonite's motion and extended the service deadline to August 20, 2025, for service by conventional means, including one final attempt with the Sheriff's assistance. ECF Nos. 18-20. Leonite subsequently discovered, however, that the Sherrif in Honolulu County, where Bender resides, does not provide civil process service. This necessitates the present motion.

## II. RELEVANT PROCEDURAL BACKGROUND AND EFFORTS TO SERVE BENDER

On May 1, 2025, Leonite filed its Complaint against Defendants Hawaii Brewery Development Co. Inc. ("HBDC"), its principal, Marcus I. Bender ("Bender"), and Waiakea Bottling, Inc. and Waiakea., Inc. (collectively, "Waiakea"). *See* ECF No. 1. On May 2, 2024, Leonite filed a Notice of a Related Case identifying *Leonite Fund I, L.P. v. HBDC et al.,* Docket No. 1:24-cv-00149-NYW-STV (the "Related Case"), in which HBDC is an intervenor defendant. *See* ECF No. 6.

Following the Complaint's filing, Leonite retained ABC Legal ("ABC") to serve all defendants, including Bender. Between May 11 and May 18, 2025, ABC attempted service at 2592 Makiki Heights Drive, Honolulu, Hawaii 96822 (the "Address") on five separate occasions, including on both weekdays and weekends. *See* Exhibit C for ABC Service Log, dated May 18, 2025. Each attempt was unsuccessful due to lack of access to Bender's private gate fence. *Id.*

On June 10, 2025, Leonite sent a formal request under Federal Rule of Civil Procedure 4(d) to Stephen E. Kapnik, Esq., counsel for HBDC in the Related Case, seeking waiver of service for both HBDC and Bender. The waiver was not returned within 30 days and was not otherwise acknowledged.[2] *See* Exhibit D for the Rule 4 Letter.

On July 11, 2025, after no response, Leonite again engaged ABC to confirm Bender's residence or identify an alternative one. On July 25, 2025, ABC confirmed that the Address was correct based on multiple public records, including: a Social Security Number trace linking Bender to the Address from August 31, 1990, to July 16, 2025; Honolulu County Assessor's records

---

[2] Leonite reserves the right to seek an order from the Court imposing on said defendants the expenses incurred in making service and reasonable expenses, including attorneys' fees, of any motion required to collect those service expenses.

identifying Bender as the property's current owner; and Bender's claimed homestead exemption at the Address. *See* Exhibit E. No alternatives were provided. ABC also proposed Sherrif service.

After the Court's Order granting an extension, Leonite requested that ABC retain the local Sheriff to attempt service. ABC later informed Leonite that the Honolulu County Sheriff does not provide service of process in civil cases. This motion followed promptly.

### III.    APPLICABLE LAW

Federal Rules of Civil Procedure 4 governs service of a summons and complaint. For service on individuals, the Rule states that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado Rule of Civil Procedure 4(f) authorizes substitute or alternative service when a party attempting service "is unable to accomplish service ... the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." The Rule provides that a motion for substituted service must "state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected." Colo. R. Civ. P. 4(f).

The Rule further provides: "[i]f the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: (1) authorize delivery to be made to the person deemed appropriate for

4

service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service."

## IV.   ANALYSIS

Alternative or substitute service is warranted under the Federal and State rules for the following reasons:

*First*, the motion is supported by the affidavit of Christine Salvesen, the process server who attempted service. *See* Exhibit F for the Affidavit of Christine Salvesen. The Affidavit sets forth her diligent and good faith efforts to personally serve Bender.

*Second,* the motion explains why personal service could not be obtained. ABC attempted service on May 11 (Sunday), May 12 (Monday), May 13 (Tuesday), May 15 (Thursday), and May 18 (Sunday). *See* Exhibit C.  Each attempt failed due to lack of access to Bender's gated private fence. On June 10, 2025, Leonite also sought a waiver of service under Rule 4 (d) seeking waiver of service for both HBDC and Bender. *See* Exhibit D. The waiver was not returned within 30 days and was not otherwise acknowledged. When ABC proposed Sheriff service, Leonite sought an extension from the Court to make that attempt, only to later discover that the Sheriff does not provide civil process service in the County of Honolulu where Bender resides.

*Third,* the motion identified the party to be served – Defendant Marcus I. Bender, the sole remaining unserved defendant. Leonite seeks alternative service on Bender by first-class U.S. mail and registered mail at his confirmed address. Bender is also the principal of Defendant HBDC. *See* Complaint, ECF NO. 1. Substituted service on Bender by mailing a copy of the summons and complaint to HBDC and its counsel, Mr. Kapnik, Esq., is appropriate under the circumstances and

5

is reasonably calculated to provide proper notice to Bender, who, in his capacity as principal of HBDC, is alleged to have perpetrated misconduct against Leonite. *See* Complaint, ECF No. 1.

*Fourth,* the motion provides Bender's confirmed address: 2592 Makiki Heights Drive, Honolulu, Hawaii 96822. As confirmed by ABC's investigation, public records tie Bender to this address. *See* Exhibit E. The motion also provides HBDC's address as 2855 E. Manoa Road, STE 105, PMB#184). *See* Complaint at ¶9, ECF No.1.HBDC's counsel, Mr. Kapnick, Esq., is associated with Lohf Shaiman Jacobs PC, located at 950 South Cherry Street, Suite 300, Denver, Colorado, 80246-266. *See* Exhibit A.

## V.     CONFERRAL UNDER D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), Leonite conferred with Ryan K. Markham, Esq. of Springer & Steinberg, P.C., counsel for Waiakea, on August 21, 2025. Mr. Markham confirmed that Waiakea does not oppose the motion. *See* Exhibit G. On the same date, Leonite conferred with Stephen E. Kapnik, Esq., counsel for HBDC in the Related Matter, who indicated that the motion is not unopposed. *See* Exhibit H..

## VI.     CONCLUSION

For the foregoing reasons, Leonite respectfully requests that the Court permit service on Bender:

(1) By first-class U.S. mail and registered mail at 2592 Makiki Heights Drive, Honolulu, Hawaii 96822, his confirmed residence, or by any other means the Court deems reasonably calculated to apprise him of the action and afford him an opportunity to respond;

(2) By substituted service through mailing a copy of the summons and complaint by first-class U.S. mail and registered mail to HBDC and its counsel, Mr. Kapnick, Esq.

**GRIFFIN PARTNERS LLP**

By: */s/ Oliver D. Griffin*

    Oliver D. Griffin
    Colorado No. 52262
    Griffin Partners LLP
    123 S. Broad Street, Suite 1850
    Philadelphia, PA 19109
    Phone Number: (267) 313-0766
    FAX Number: (267) 427-8139
    Email: oliver@griffinpartners.us

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2025, I electronically filed the foregoing documents and that they are available for viewing and downloading from the Court's CM/ECF system, and the participants in this case that are registered CM/ECF users will be served electronically via the CMD/ECF system. I further certify that a copy of the foregoing document was mailed via U.S Mail to the person listed below:

Marcus I. Bender
2592 Makiki Heights Drive
Honolulu, Hawaii 96822

**GRIFFIN PARTNERS LLP**

By:   */s/ Oliver D. Griffin*