# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01371-NYW-STV

LEONITE FUND I, L.P.,

    Plaintiff,

v.

HAWAII BREWERY DEVELOPMENT CO. INC.;
WAIAKEA BOTTLING INC.;
WAIAKEA INC.; and
MARCUS I. BENDER,

    Defendants.
_____

## ORDER
_____

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiff's Motion for Alternate Service on Defendant Marcus Bender (the "Motion"). [#25] The Motion has been referred to this Court. [#26] Through the Motion, Plaintiff requests that the Court permit substituted service for Mr. Bender pursuant to Colorado Rule of Civil Procedure 4(f). [*Id*.] This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **GRANTED**.[1]

---

[1] The Court's grant of Plaintiff's motion for alternate service should not be construed as a determination that jurisdiction over the Defendants has been properly established. The Court expressly reserves judgment on the jurisdictional issues raised in Defendants' pending [#14] motion to dismiss.

1

I.     BACKGROUND

Plaintiff initiated this action on May 1, 2025, which seeks relief for interference with Plaintiff's ability to collect debt owed by non-party entities, Hawaiian Springs LLC ("HSLLC") and HSW Holding Corporation ("HSW").  [#1]  Plaintiff is currently involved in a related case with Mr. Bender and his company, Defendant Hawaii Brewery Development Co. Inc. ("HBDC"), in which HBDC is an intervenor defendant.  [## 25 at 3; 6]

In order to effectuate service on Mr. Bender in the instant case, Plaintiff retained ABC Legal ("ABC"). [#25 at 3]  Between May 11 and May 18, 2025, ABC attempted service at 2592 Makiki Heights Drive, Honolulu, Hawaii 96822 on five separate occasions. [*Id*.; ## 25-3, 25-6 at 2-3]  Each attempt was unsuccessful due to lack of access to Mr. Bender's private gate fence.  [*Id*.]  On June 10, 2025, Plaintiff sent a formal request under Federal Rule of Civil Procedure 4(d) to Stephen E. Kapnik, Esq., counsel for HBDC and Mr. Bender in the related case, seeking waiver of service for both Defendants. [#25 at 3]  The waiver was not returned within 30 days and was not otherwise Acknowledged.  [*Id*.; #25-4]  On July 11, 2025, Plaintiff engaged ABC again to confirm Mr. Bender's address, which they did using multiple public records.  [## 25 at 3; 25-5 at 2-3]  On July 31, 2025, Plaintiff requested an extension of time to serve Mr. Bender through the local sheriff's office but discovered no such service was available. [#25 at 2, 4]

On August 29, 2025, Plaintiff filed the instant motion seeking alternate service via registered mail to Mr. Bender's address; HBDC's corporate address; and through Stephen E. Kapnik, Esq., counsel for HBDC and Mr. Bender in the related case.

2

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail, and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. As outlined above, Plaintiff has made numerous efforts to serve Mr. Bender but has been unsuccessful. Plaintiff asks the Court to allow service on Mr. Bender via registered mail and through Attorney Stephen E. Kapnik, who represents Mr. Bender and his company in the related case. [#25 at 6]

First, Colorado Rule of Civil Procedure 4(g) states that "[e]xcept as otherwise provided by law, service by mail or publication shall be allowed *only* in actions affecting specific property or status or other proceedings in rem" (emphasis added). *See also ReMine ex rel. Liley v. Dist. Court for City & Cty. of Denver*, 709 P.2d 1379, 1383 (Colo. 1985) ("Colorado Rule 4(g) expressly allows service by mail or publication only in cases affecting specific property or status or other proceedings in rem."). Because this is not an action in rem, service by mail is not proper under the Colorado rules. Similarly, in Hawaii, service on an individual—other than an infant or incompetent person—must be made by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving copies at the individual's dwelling or usual place of abode with someone of suitable age and discretion residing therein; or (3) delivering the documents to an agent authorized by appointment or law to receive service. Hawaii Rules of Civil Procedure 4(d)(1). "The Hawaii Rules of Civil Procedure do not permit service of a summons and complaint on a defendant by mail if the defendant is being sued as an individual." *Henry v. McDonough*, No. CV 23-00430 LEK-RT, 2024 WL 3488666, at *3–4 (D. Haw. July 3, 2024), *report and recommendation adopted*, No. CV 23-00430 LEK-

RT, 2024 WL 3470767 (D. Haw. July 19, 2024). Accordingly, the Court finds that service by mail upon Mr. Bender is not permitted in this case.

Next, the Court addresses Plaintiff's request to serve Mr. Bender through his attorney. There are several examples of when substituted service on a defendant's current or former attorney is appropriate to effectuate personal service on the defendant. If an attorney is currently representing a defendant, it is reasonable to infer that the attorney will give actual notice of service to that defendant, and substituted service on that attorney is therefore appropriate. *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019) (citing *Contrada, Inc. v. Parsley*, No. 1:10-cv-00646-WYD-CBS, 2010 WL 2943428, (D. Colo. July 21, 2010)). Substituted service on a former attorney can also be granted when such service will reasonably apprise the defendant of the lawsuit. *Sandia Lab'y Fed. Credit Union v. Burg*, No. 1:24-cv-01443-SKC-STV, 2024 WL 4728025, at *4 (D. Colo. Nov. 8, 2024) (finding substitute service on Defendant's former attorney appropriate because it would reasonably give Defendant notice of the lawsuit and it comports with due process). Indeed, service upon an attorney, who may or may not have represented the defendant but has had dealings with them, can also be appropriate if the attorney has already given actual notice of service to the defendant. *JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (ordering substituted service on attorney who had potentially represented defendants in settlement negotiations relating to the lawsuit and had provided actual notice of the lawsuit to them).

Here, Mr. Kapnick represents Mr. Bender in the related case. [#25 at 3] Mr. Bender also appears to already be aware of Plaintiff's claims against him—having engaged with Plaintiff in the related case—and is seemingly attempting to avoid service in this case. The Court finds that the proposed substitute service on Attorney Stephen Kapnik is reasonably calculated to give Mr. Bender actual notice of the lawsuit and comports with due process.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** as follows:

(1) Plaintiff's Motion [#25] is **GRANTED**;

(2) Plaintiff is authorized to personally serve Defendant Marcus Bender by substituted service on Stephen Kapnik of Lohf Shaiman Jacobs PC at 950 South Cherry Street, Suite 300, Denver, CO 80246.

(3) Service of process shall be effectuated upon Defendant Marcus Bender in accord with Colo. R. Civ. P. 4(f) by sending a copy of the summons, Complaint, and all other relevant documents, via registered mail with delivery confirmation, to the following location on or before the date of delivery of process to Stephen Kapnik: Marcus Bender at 2592 Makiki Heights Drive, Honolulu, Hawaii 96822, as referenced in the Motion; and

(4) Plaintiff shall promptly file a status report informing the Court when such service is accomplished.

DATED: September 9, 2025                               BY THE COURT:

                                                       s/Scott T. Varholak
                                                       Chief United States Magistrate Judge