**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-01371-STV

LEONITE FUND I, LP,

      Plaintiff,

v.

HAWAII BREWERY DEVELOPMENT CO. INC.;
WAIAKEA BOTTLING INC.;
WAIAKEA INC; and
MARCUS I BENDER,

      Defendants.

_____

**ORDER**

_____

Entered by Chief Magistrate Judge Scott T. Varholak

This matter comes before the Court on the Motion for Award of Attorneys' Fees ("the Motion") [#60] filed by Defendants Waiakea Bottling Inc. and Waiakea Inc. (collectively the "Waiakea Defendants"). The parties have consented to proceed before a United States Magistrate Judge for all proceedings, including entry of a final judgment. [#42] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED IN PART**, as detailed herein.

## I.    BACKGROUND

The facts of this matter are discussed in detail in one of the Court's previous Orders. [*See* #57] The facts relevant to this Motion are as follows.

On May 1, 2025, Plaintiff initiated this action. [#1] The operative Complaint generally alleges that Defendants unlawfully interfered with Plaintiff's ability to collect a debt owed by Hawaiian Springs LLC and HSW Holding Corporation. [#57 at 2] Hawaiian Springs LLC and HSW Holding Corporation had a water-bottling business which was subject to a court-ordered receivership estate pursuant to an order entered in a related action in this District. [*Id.*] Plaintiff alleges that Defendants engaged in conduct aimed at disrupting the receivership and harming Plaintiff's debt-collection rights. [*Id.*] The operative Complaint asserted six causes of action: (1) intentional interference with business or contractual relations against all Defendants [#1 at ¶¶ 109-20]; (2) civil conspiracy against all Defendants [*id.* at ¶¶ 121-33]; (3) commercial disparagement against all Defendants [*id.* at ¶¶ 134-41]; (4) tortious interference with prospective economic advantage [*id.* at ¶¶ 142-49]; (5) violation of the Colorado Consumer Protection Act against all Defendants [*id.* at ¶¶ 150-58]; and (6) violation of Hawaii's Unfair Competition law, Haw. Rev. Stat. § 480-2 [*id.* at ¶¶ 159-65].

On July 14, 2025, the Waiakea Defendants moved to dismiss the claims against them, arguing that this Court lacked personal jurisdiction over them (the "Motion to Dismiss"). [#14] On January 7, 2026, this Court granted the Motion to Dismiss. [#57] Thereafter, on January 22, 2026, the Waiakea Defendants filed the instant Motion seeking attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201. [#60] Plaintiff responded [#61] and the Waiakea Defendants replied [#63].

## II.    ENTITLEMENT TO FEES AND COSTS

"The American Rule generally requires that each party bear his or its own attorney's fees in civil litigation. However, there are certain exceptions to that rule."

*Collins v. Diversified Consultants, Inc.*, No. 15-cv-02115-RBJ-NYW, 2018 WL 10878005, at \*4 (D. Colo. Feb. 7, 2018).  The Waiakea Defendants contend they are entitled to attorneys' fees under Colorado Revised Statute §13-17-201.  [#60 at 1-2]  That Section provides in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure ["CRCP"], such defendant shall have judgment for his reasonable attorney fees in defending the action.

The statute also provides fees in the case of dismissal in federal court under Federal Rule of Civil Procedure 12(b), which is "substantively identical" to Colorado's Rule 12(b).  *Zerr v. Johnson*, 905 F. Supp. 872, 875 (D. Colo. 1995), *aff'd* 120 F.3d 372 (10th Cir. 1997); *Brammer–Hoelter v. Twin Peak Charter Acad.*, 81 F. Supp. 2d 1090, 1102 (D. Colo. 2000).[1]

"Both the plain language of [section 201] and numerous court decisions make clear that an award of attorney fees is mandatory when a trial court dismisses an action under Rule 12(b)."  *Infant Swimming Rsch., Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715-16 (10th Cir. 2009); *Craters & Freighters Franchise Co. v. Benz*, No. 16-cv-02951-JLK, 2018 WL 10911746, at \*1 (D. Colo. Nov. 30, 2018).  However, "a defendant must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds, in order to recover fees."  *Jones v. Haga*, No. 05-cv-02268-PSF-CBS, 2007 WL 433126, at \*2 (D. Colo. Feb. 2, 2007); *see also Barton v. Law Offs. of John W.*

---

[1] Section 201 has been found to be substantive, rather than procedural.  *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) (finding section 201 to be substantive law), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002); *MacIntyre v. JP Morgan Chase Bank, N.A.*, No. 19-cv-00172-DDD-NYW, 2019 WL 5084091, at \*3 (D. Colo. Oct. 10, 2019) (same).  The Response does not challenge that conclusion.  [#61]

3

*McKendree*, 126 P.3d 313, 314-15 (Colo. App. 2005) (denying fees where tort claim dismissed for failure to file certificate of review).  The requesting party bears the burden of establishing entitlement to fees by a preponderance of the evidence.  *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002) (citing *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)).

"[Section 13-17-201] applies where both tort and non-tort claims are pled." *Sticky.io, Inc. v. Martingale Software, LLC*, No. 21-cv-00664-RM-STV, 2022 WL 1061911, at *1 (D. Colo. Apr. 8, 2022) (citing *See Torres v. Am. Fam. Mut. Ins. Co.*, 606 F.Supp.2d 1286, 1292 (D. Colo. Feb. 9, 2009)).  "When an action contains a mix of tort and other claims, fees may be awarded under [Section] 13-17-201 if the action is primarily a tort action." *Id.* (citing *U.S. Fax Law Ctr.*, 205 P.3d at 517-518).

Here, it appears to be undisputed that this action is primarily a tort action.  Indeed, Plaintiff asserts six causes of action, at least four of which arise in tort.  *See*, *e.g.*, *Westfield Dev. Co. v. Rifle Inv. Assocs.*, 786 P.2d 1112, 1120 (Colo. 1990) ("[I]ntentional interference with contract is a tort."); *Falcon Broadband, Inc. v. Banning Lewis Ranch Metro. Dist. No. 1*, 474 P.3d 1231, 1238 (Colo. App. 2018) (finding that civil conspiracy is "clearly [a] tort claim[]"); *Orvis v. Seiber*, Nos. 23CA0374 & 23CA0882, 2024 WL 4022064, at *4 (Colo. App. May 23, 2024) (finding that "civil conspiracy [is a] tort claim[]"); *Bankwest v. Fidelity & Deposit Co. of Md.*, 63 F.3d 974, 980 (10th Cir. 1995) (finding that "commercial disparagement" is a tort).[2]  Given that most of the claims in this case arise

---

[2] The Court does not include any cases finding that "tortious interference with prospective economic advantage" is a tort because it is clear by its name alone that this cause of action arises in tort.

in tort, and Plaintiff does not make any contrary argument, the Court thus finds that this action is primarily a tort action.[3]

Rather than arguing that Plaintiffs' claims did not sound in tort, Plaintiff argues that Section 13-17-201 does not apply to this case because the action was not "brought as a result of a death or an injury to person or property." [#61 at 1 (quoting Colo. Rev. Stat. § 13-17-201(a))]   Rather, Plaintiff describes its action as being "brought because [the Waiakea Defendants'] misconduct interfered with the administration of a judicial remedy intended to preserve [Plaintiff's] ability to collect its debt." [*Id.* at 2]   The argument is apparently thus that actions arising from interference with a judicial remedy, such as a receivership, do not constitute actions brought as a result of a death or injury to person or property. [*Id.* at 4]  Plaintiff does not cite any state or federal cases which support this interpretation.

Nor does the purpose of the statute support Plaintiff's interpretation.  "In enacting § 13-17-201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims." *Emps. Ins. of Wausau v. RREEF USA Fund-II (Colo.), Inc.*, 805 P.2d 1186, 1188 (Colo. App. 1991) (citing Tape Recording of Testimony before House Judiciary Committee on House Bill 1304 (March 3, 1987)).  With this broad purpose in mind, it would not make sense to limit the statute to apply only to torts that result in death or injury to person or property in a physical sense. And courts have not done so.   This District, for example, has explicitly held that

---

[3] Colorado courts have additionally found that attorney's fees are appropriate under Section 13-17-201 in dismissed actions that include two tort claims and a third claim for violation of the Colorado Consumer Protection Act. *See City of Aspen v. Kinder Morgan, Inc.*, 143 P.3d 1076, 1078, 1083 (Colo. App. 2006).

"[a]pplication of [Section 13-17-201] is not limited to tort actions alleging physical injury; it applies equally to tort action in which the only injury alleged is economic." *Zerr*, 905 F. Supp. at 874 (citing *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 423 (Colo. App. 1994)); *see also Est. of Jon L. Bogue v. Adams*, No. 1:18-cv-01425-DDD-MEH, 2020 WL 13076908, at *4 (D. Colo. Feb. 10, 2020) ("[S]ection 13-17-201 applies equally 'to a tort claim which alleges only economic injury.'" (quoting *Castro v. Lintz*, 338 P.3d 1063, 1067 (Colo. App. 2014)). Accordingly, Section 13-17-201 has been found to apply, for example, in cases where the only injuries alleged were an individual's loss of money due to poor investment decisions prompted by misrepresentation and manipulation. *Est. of Jon L. Bogue*, 2020 WL 13076908, at *1, *4.

The Court thus finds that Section 13-17-201 is applicable here. In the Complaint, Plaintiff repeatedly alleges that it has suffered "financial harm" such as "loss of expected recovery from the receivership." [*See* #1 at ¶¶ 139, 149, 158, 165] Plaintiff seeks "[a]n award of compensatory damages proximately caused by the tortious conduct of Defendants." [*Id.* at 30] Accordingly, this case fits squarely into the category of cases that, like *Est. of Jon L. Bogue*, allege only economic injury resulting from tortious conduct. Courts have consistently found that Section 13-17-201 applies in such cases and such application is consistent with the statute's purpose. Therefore, the Court finds that Section 13-17-201 applies here.

## III.    AWARD CALCULATION

Having found that the Waiakea Defendants are entitled to a fee award, the Court now turns to calculating that award. Plaintiff requests an evidentiary hearing on the issue of the reasonableness and necessity of the requested attorney's fees but provides no

6

explanation as to why it believes any of the fees are unreasonable or unnecessary. [#61 at 5-6] Plaintiff points to no authority entitling it to an evidentiary hearing on the issue of attorney's fees. And the Court is not inclined to grant one where Plaintiff fails to identify any specific dispute it has with the fees sought.[4]

Determining the amount of a fees award is within the sound discretion of the district court. *Wright v. U-let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). Calculation of attorney's fees awards is based on the "lodestar" amount, which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* (quotations omitted); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) (same). From there, the reasonableness of hourly rates and hours expended is a question of fact for the trial court. *Hartman v. Freedman*, 591 P.2d 1318, 1322 (Colo. 1979); *Walker Grp., Inc. v. First Layer Commc'ns, Inc.*, No. 03-cv-01973-PSF-MJW, 2006 WL 8454026, at \*1

---

[4] "[A]n evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Michael A. Cramer, MAI, SRPA, Inc. v. U.S.*, 47 F.3d 379, 383 (10th Cir. 1995) (citations omitted). But here, there is no indication that any specific factual disputes exist or that any dispute could not be resolved without a hearing. Furthermore, "many courts have long accepted the proposition that there is no need for an evidentiary hearing in a[n] attorney's fees case when a record has been fully developed through briefs, affidavits, and depositions." *Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998) (citation omitted). Plaintiff was given an opportunity to brief any specific disputes it had with the Waiakea Defendants' attorney's fees, and it chose not to do so. Given that the Court has already been provided with documentation outlining all the relevant information to the attorney's fees sought [*see* ##60-1; 60-2; 60-3; 60-4; 63-1; 63-2; 65], the Court does not find it necessary to hold an evidentiary hearing here.

(D. Colo. Sept. 29, 2006).  In determining the reasonableness of hours expended, the Court considers the following factors:

> (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task.

*Garcia v. Ensign United States Drilling Inc.*, No. 15-cv-02372-CMA-KMT, 2017 WL 11545513, at *1 (D. Colo. July 24, 2017) (citing *Rocky Mountain Christian Church v. Bd. of Cnty. Comm'rs of Boulder Cnty.,* No. 06-CV-00554-REB-BNB, 2010 WL 3703224, at *2-3 (D. Colo. Sept. 13, 2010)).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  And the Court should likewise "exclude . . . hours that were not reasonably expended."  *Id.* (quotations omitted).  The Court, however, "need not identify and justify every hour allowed or disallowed."  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

This Court has reviewed the affidavits and detailed hourly accounting submitted by the Waiakea Defendants.  [##60-1; 60-2; 60-3; 60-4; 63-1; 63-2; 65]  Counsel did not engage in any block billing.  [#60-3; 60-4; 63-2]  Where appropriate, defense counsel did not charge for its work.  [#60-4 at 7-9]  The Court finds that the amount of time spent on each task prior to the filing of the Motion appears reasonable in light of the complexity of the case and in relation to the attorneys' and paralegals' levels of experience.  The Waiakea Defendants initially sought fees for 68.6 hours total of work related to assessing the case; generating a motion to dismiss, motion to stay, and motion for attorney's fees; preparing for and attending court hearings; and corresponding with counsel.  [##60-1; 60-

8

2] Billing entries do not appear to be inflated or redundant. The billing entries describe in detail the activity engaged in and identify the amount of time allotted to each task to the tenth of the hour. Accordingly, the Court finds that the hours of work for which the Waiakea Defendants initially sought compensation are reasonable.

Since the filing of the instant Motion, defense counsel has billed an additional 11.6 hours of work involving revising the instant Motion and replying to Plaintiff's response to the Motion. [#63-2] Ten of these hours were dedicated to reviewing, revising, and drafting the reply to the instant Motion. [*Id.*] This work was done by Ms. Seelman, a partner, and Mr. Porter, senior counsel. [*Id.*; *see also* #63-1] In the Court's opinion, ten hours to draft a six-page reply,[5] which in large part reiterates the Motion with similar or the same case law [*compare* #63 at 2-4 *with* #60 at 3-4], is excessive. The Court instead finds that, in this instance, given the similarities between the response and reply brief, an hour of work per the total six pages (1.2 hours of work per written products *sans* caption and signature block) of the reply is reasonable. *See generally Disability Rts. N.M. v. Lucero*, No. 22-CV-954-WJ-JFR, 2025 WL 623493, at *6 n.12 (D.N.M. Feb. 25, 2025) (collecting cases on the reasonableness of hours spent on briefs; 1 hour to 1.2 hours per page generally approved whereas 2 or more hours per page generally not approved). Accordingly, the Court finds that only six hours of work are reasonable for drafting and revising the reply to the Motion. Of the original ten hours of written work, the Court calculates that Ms. Seelman engaged in 43% of the work and Mr. Porter engaged in 57% of the work. [#63-2] Thus, in reducing the hours, the Court finds it reasonable to bill at Ms. Seelman's rate

---

[5] In reality, the reply consists of approximately five pages of written product, once the caption and signature block are removed.

for 2.6 hours and at Mr. Porter's rate for 3.4 hours.  The Court additionally finds that Mr. Porter's 1.6 hours spent revising the instant Motion, seeking fee declarations, reviewing Plaintiff's response to the instant Motion, and drafting the affidavit for fees are reasonable. [*Id.*]

The Court next turns to the reasonableness of the rates charged by Defendants' counsel.  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  The Waiakea Defendants are presently represented by Gordon Rees Scully Mansukhani ("GRSM").  [#60-1 at ¶ 1] Accordingly, the Court starts by first assessing the rates charged by personnel at GRSM. Ms. Seelman, a partner at GRSM who has been practicing law for 27 years, billed at a rate of $400 per hour.  [*Id.* at ¶ 1, 4]  Mr. Porter, senior counsel at GRSM who has been practicing law for six years, billed at a rate of $320 per hour.  [*Id.* at ¶ 2, 4]  Ms. Colwin, a partner at GRSM who has been practicing law for over 30 years, billed at a rate of $400 per hour.  [*Id.*]

The rates charged are in-line with or even less than the rates that have been approved by judges in this District.  *See, e.g.*, *United States for use & benefit of RME Ltd., LLC v. Intact Ins. Grp. USA, LLC*, No. 21-CV-03285-CMA-SKC, 2023 WL 2837340, at *4-5 (D. Colo. Apr. 7, 2023) (approving rates between $585 and $650 per hour for partners and $380 through $435 per hour for associate attorneys); *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2019 WL 319407, at *8-9 (D. Colo. Jan. 24, 2019) (approving rates of $625 per hour for partners, $425 per hour for associates, and $200 per hour for paralegals); *Biax Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908,

at \*6-7 (D. Colo. Aug. 12, 2013) (finding as reasonable rates of approximately $585 to $740 per hour for partners and $425 to $530 per hour for associates).

Next, the Court turns to the rates charged by the Waiakea Defendants' former counsel.  Prior to November 12, 2025, the Waiakea Defendants were represented by Springer & Steinberg, P.C.  [#60-2 at ¶ 2]  Mr. Markham, lead counsel and a senior attorney at Springer and Steinberg, P.C., billed at a rate of $450 per hour.  [*Id.* at ¶ 4]  Mr. Markham has been practicing law for over six years.  [#65 at ¶ 1]  Mr. Richardson, an attorney, billed at a rate of $375 per hour.  [#60-2 at ¶ 4]  Mr. Richardson has been practicing law for over 20 years. [#65 at ¶ 2]  Mr. Ericksen, a paralegal, billed at a rate of $195 per hour.  [#60-2 at ¶ 4]  Mr. Ericksen has been a paralegal for over 20 years.  [#65 at ¶ 3]  Ms. Ameri, a paralegal, billed at a rate of $210 per hour.  [#60-2 at ¶ 4]  Ms. Ameri has been a paralegal for over 15 years.  [#65 at ¶ 4]  These rates are likewise in-line with or less than the rates that have been approved by judges in this District.  Accordingly, the Court finds that the rates of all individuals who worked on this case are reasonable as compared to the prevailing market rate in the relevant community.

In sum, the Court finds that the Waiakea Defendants have adequately established the reasonableness of $26,480.50 in attorneys' fees.[6]  And the Court does not find that any further adjustment of this number is necessary, particularly where the Waiakea Defendants obtained all the relief that they sought, and in a reasonably expeditious manner. *Stroup v. United Airlines, Inc.*, No. 15-cv-01389-WYD-STV, 2018 WL 10613861,

---

[6] This amount reflects the initial amount sought in the Motion ($23,840.50) plus the amount sought in the Waiakea Defendants' reply reduced by the Court in the aforementioned manner ($2,640).

11

at *2 (D. Colo. Dec. 5, 2018) ("[The] most critical factor in determining the reasonableness of a fee award is the degree of success obtained." (quotation omitted)).

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and awards $26,480.50 to the Waiakea Defendants in attorneys' fees.

DATED:  June 2, 2026                                   BY THE COURT:

                                                       s/Scott T. Varholak
                                                       United States Magistrate Judge